Good morning. May it please the Court, today, in this appeal, I am asking the Court to reinstate and resurrect one of the most important rights in this country's criminal justice system. The Founding Fathers never intended that the grand jury would be just a rubber stamp for the prosecutor. This is admittedly a big move, but it is not just proper, but under the dictates of constitutional and Bill of Rights interpretation, it is mandated. The historical evidence, which the government has been unable to refute, shows that circa 1791, the standard of proof for the grand jury was much greater than probable cause. And the Supreme Court has dictated that in interpreting the Constitution and the Bill of Rights, you look to the understanding of the language at the time it was adopted. Admittedly, the government has presented to you a number of Supreme Court cases, all more than a hundred years after the adoption of the Fifth Amendment, but a number of cases that reference the grand jury and probable cause. But in none of those cases, not a single one of those cases, was the issue of what was the standard burden of proof for the grand juror at issue. Not in a single one of them. It was never briefed by the parties. It was not debated. It was not analyzed by the court. The court did not have adversarial presentations on that issue. For all of those cases, they are dicta. What is your proposed standard? How would you articulate it? Judge, I think the best standard is probably articulated by Justice Taney. And were the- Time is a hundred years after the frame, or 80 years after the framing of the Constitution. That's Justice Field. Justice Taney was 1832. Anyway, what did Taney say the standard is that you think we should adopt? And I think it's- Chief Justice Taney, excuse me. Chief Justice, and in fact, prior to that, he was the Attorney General. In other words- What's the standard? In every case that may come before you, carefully weigh the testimony and present no one, unless in your deliberate judgment, the evidence before you is sufficient. In the absence of any other proof to justify the conviction of the party accused. And this rule, rule he calls it, is more proper because he is not permitted to summon witnesses or adduce testimony to the grand jury. And your decision must be made without hearing his defense. And isn't that exactly the standard of probable cause that's applied in each and every case? I mean, I sat in a lot of preliminary hearings, and my understanding always was that for probable cause, for a case to be bound over for trial or to indict, it was that the government had to present evidence on each and every single element of the offense charged that if left unrebutted would be sufficient to sustain a verdict of guilty. Now you can consider hearsay, you consider evidence that's not admissible, but in the end, what you need is evidence on each and every element that is sufficient to sustain conviction. Is that not true? No, I disagree. I mean, because that's the standard that I instructed and applied in all the cases I was in. In all due respect, what the judges are proposing, what they didn't propose, what they instructed the grand jury, four different Supreme Court justices, and none that offered probable cause. You've got some language in there that says sufficient to, can you go back to that one little part of the Taney charge that says sufficient to? Is sufficient in the absence of any other proof to justify the conviction of the accused. So does that mean there must be proof beyond a reasonable doubt? Is that how it would apply in modern terms? In modern language, I believe it would be proof beyond a reasonable doubt. Okay, so you think the grand jury should be checked? But keep in mind, keep in mind, that's the standard of proof. That's different than the burden that is on the prosecutor in presenting a grand jury. But when you present the indictment, don't you have to present, or present the evidence to the grand jury for indictment, don't you have to present evidence on each and every element that would be sufficient to convict? Because otherwise, I mean, it's sort of like you tick them off. You go, well, I got evidence on element one, element two, element three, element four. You know, we don't get to consider anything in rebuttal of it. We don't get to consider anything on it. But if you've got a witness that says one, two, three, four, you say bind it all. If they're missing element three, you say no true bill. No. The current standard is clearly not a request beyond a reasonable doubt. Well, of course not. What it is, is that it's evidence sufficient, standing unrebutted, to support a conviction, which is what it's always been. I disagree, Your Honor, in that what it means to support a conviction means evidence beyond a reasonable doubt. That is the only evidence that supports a conviction. So in other words, if you have evidence on an element in the grand jury that comes from a witness, and the grand jury's not sure whether they believe the witness beyond a reasonable doubt, but they believe there's at least enough in what the witness says to amount to probable cause, then they're supposed to indict under modern day instruction. That's correct, under modern day. But what you're saying is they should have to decide that they believe this witness beyond a reasonable doubt before they indict. Is that, am I understanding the argument? Without having, hearing anything from the defense, without having any cross examination by a defense attorney, with the prosecutor allowed to introduce hearsay and other evidence that would not be admissible at trial. It's a different burden for the prosecutor. I just want to make sure I understand the argument, though. Going back to my question, you want the grand jury to be told, you must believe beyond a reasonable doubt that this hearsay evidence would establish the element, for example. Well, I don't think the instructions should go to individual pieces of evidence. But what it should say is, you must find, without hearing anything from the other side, that beyond a reasonable doubt, this should be indicted. Yes. Beyond a reasonable doubt that the person committed the offense. Is that what you're saying? That is correct. So it's really redundant of the trial jury instruction. It's the same standard, except that there's no defense put on, I understand that. Not just no defense, there's also all sorts of evidence that can be presented to a grand jury that's not admissible at a trial. Hearsay and all the like. So I'm not asking for the same burden to be put on the prosecutor. What I'm saying is, back in 1791, this was the standard. And we can look at- Where did Chief Justice Taney come up with that charge in 1833? Well- Do you know? I mean, there's no indication- No citation of any history. In 1800, Justice Chase gave a very similar instruction. In 1790, Justice Wilson gave an instruction where he said they needed moral certainty. Which I, again, would say is pretty close to beyond a reasonable doubt. Well, and the Supreme Court's told us that we can't instruct juries on moral certainty any longer. Again, I know that. And so, I mean, I keep coming back to, I mean, I think where the source of this thing is Blackstone, is that not true? Well, Blackstone and other commentaries, yes, correct. Lord Cook before then, right? Cook, Chitty. Right, Joseph Chitty. But if you look at it, I guess maybe I've just been not getting it. I mean, we're going to ask them to weigh the evidence to some standard that's beyond a reasonable doubt, just based on the evidence that's before the grand jury, rather than looking at, is the evidence alone sufficient to sustain a finding of guilt if left unrebutted? And I'm not seeing how that's really any different. And maybe, maybe I just have never understood what we're instructing grand juries to do. Well, I, you know, but I've instructed a bunch of them. If we look at Justice Wilson, the doctrine that a grand jury may rest satisfied merely with probabilities is a doctrine dangerous as well as unfounded. So the idea that probable cause and probabilities was accepted in 1791 simply is not true and not supported by the evidence.  Is probability, isn't that separate than probable cause? No, because back in the time, in the 16 and 1700s, the Whigs and the Tories were debating what the proper standard of proof should be. And with the winning of the revolution, the Whigs clearly won that. And, and, and the historical analysis that's been done by some of these legal scholars clearly also shows that the Whigs won that. And the Whigs were advocating always for something greater than probable cause and mere probabilities was how they addressed it oftentimes in language. If we look at Justice Fields, who's, Fields, singular, correct, sorry. If we look at Justice Fields, who the Supreme Court has said very high things as to his knowledge of what went on at that time, it was formally thought in England that the grand jury should present in a case there be probable evidence. But this rule now is altered. In the federal court, the rule there prevailing to us stated by Mr. Justice Field, this was, I'm actually quoting George Edwards, what Justice Fields said was, to justify a finding of indictment, the grand jury must believe the accused is guilty. They should be convinced that the evidence before them, unexplained and uncontradicted, would warn a conviction by a pettit jury. So that the legal scholars, George Edwards, who I just quoted, acknowledged that. What did George Edwards think was the standard of proof in a jury trial? Because this was a long time before. The standard of proof in front of a jury was also beyond a reasonable doubt. Well, it wasn't, that wasn't settled, was it, until In re Winship in the 19, 20th century, the beyond reasonable doubt standard. There was certainly some legal debate about that and whether the states had to apply it also was a question. But in 1906, I guess your point is you think whatever the standard is at the trial should be the same standard at the grand jury based on these materials. Is that a fair? I think that that is correct. And, but I, I do want to. The standard of proof, I mean. The standard. And all the procedures. The standard of proof, which is different than the burden that the prosecutor has. Because there are so many different rules in what can be presented to the grand jury and who's allowed to be presented and the fact that they never hear. And that makes perfect sense. They never hear from the defendant. They, they are allowed to introduce hearsay evidence. They have no idea whether the witnesses that testify could be effectively cross-examined. And so the burden should be higher than mere probable cause. And that is clearly what the Supreme Court justices who, who gave grand jury instructions. And there is, the government has not found, and I have not found, a single Supreme Court justice who, while riding the circuit, gave a different instruction. Nobody gave, as far as I can find from the Supreme Court riding the circuit, an instruction that said probable cause. Blackstone said thoroughly persuaded. There is no interpretation of thoroughly that can be other than completely. Completely persuaded. That is clearly higher than probable cause. And Blackstone, you know, his praise has been sung throughout Supreme Court opinions as, as the individual that was most relied upon by the, the founding generation for, for deciding how they should articulate different laws and different positions. Blackstone, who greatly influenced the generation that adopted the Constitution, the Supreme Court said. Or Thomas Jefferson, who, who in 1826, he was actually complaining in a letter that Blackstone had become the horn book for all law students. Blackstone's thoroughly persuaded, completely persuaded. What about Blackstone's other statement about sufficient cause to call upon the party to answer? What do you think that means? Well. Are you familiar with that? Yeah, so, so. There's another part of the treatise that says grand juries are only to inquire upon their oaths whether there be sufficient cause to call upon the party to answer it. Does that suggest a lower standard? No, in fact, I think it begs the question, what is sufficient? And then he goes on, almost immediately after that, to say sufficient is completely persuaded, thoroughly persuaded. So I think sufficient only begs the question, what is sufficient? I don't think that minimizes or drops down, derogates what he was saying. He did not like probabilities. All right, well, you only have 27 seconds left. Do you care to save any for a rebuttal? I will, thank you. All right, very well, thank you. Ms. Carroll, we'll hear from you. May it please the court, Gwen Carroll on behalf of the appellee, the United States. Judge Erickson, you're absolutely right. The appellant is acting as if there's some sort of material difference between the standards sufficient to support a conviction and the probable cause standard, and there simply is not. In fact, this court has interpreted probable cause to mean a reasonable ground for a belief of guilt. This court is correct. There is no meaningful difference between the standards articulated by Chief Justice Taney or by William Blackstone and the standard probable cause that is presented to the grand jury today. The appellant does not identify a meaningful distinction. And sufficient to support a conviction is exactly what probable cause means. And this court can rest assured that that is true because the Supreme Court itself has interpreted the very standards that the appellant brings to this court attention. The Supreme Court has interpreted William Blackstone. It has cited Justice Field, and it has found those citations to mean probable cause. Unless this court has any further questions, the United States would ask that you affirm the judgment of conviction. Well, I think you should probably address it in a little more depth than that. I mean, sufficient to support a conviction in our sufficiency of the evidence cases means sufficient for a rational jury to conclude that there was proof beyond a reasonable doubt. So why is it so obvious that sufficient to support a conviction means something lower in this context? Because I think the concern articulated by Blackstone is remote probabilities. The sufficient to support a conviction is designed to distinguish from what I think we might call the reasonable suspicion standard. Probable cause is intended to be higher than remote probabilities. Intended to be, and is, because that's how this court has interpreted it. So I don't think there needs to be a concern that probable cause is somehow meaningfully, substantially lower than sufficient to support a conviction. And I think Blackstone's own language makes that plain. Which language from Blackstone? That Blackstone's concern is remote probabilities. What do you mean? Can you spell that out? I don't have the treatise in front of me. Yes, Your Honor. This is actually the citation that the Supreme Court used in Beavers v. Henkel when it interpreted Blackstone. It cited Blackstone and interpreted Blackstone to mean probable cause. And the language from Blackstone that it quoted is actually the same passage that the appellant quotes. And that passage is, a grand jury, however, ought to be thoroughly persuaded of the truth of an indictment so far as their evidence goes and not to rest satisfied merely with remote probabilities, a doctrine that might be applied to very oppressive purposes. I see. So you're contrasting thoroughly persuaded with remote probabilities. And you say thoroughly persuaded has to be something higher than remote probability. Exactly. But where does it go from there, I guess, is the question that's being raised. How much more than remote probabilities? I think probable cause, Your Honor. I think sufficient to support a conviction. And isn't that ultimately the, you know, and I keep coming back to this because it just seems to me that what the grand jury has to find is if left unrebutted, the testimony that's been presented to them, they believe is sufficient to prove, to sustain a verdict of guilty, right? Beyond a reasonable doubt. Because that's, the question is, could a pettit juror find the defendant guilty of the crime charged based on this evidence? Isn't that probable cause? You've got to have that, am I wrong on that? That's exactly right. Yes, you are right, Judge Erickson. And I think this court's jurisprudence defining probable cause confirms that. Yes, that is what the probable cause standard by grand juries is intended to do. Allow them sufficient evidence to support a conviction. Well, you keep saying that. I'm not, you keep saying probable cause is sufficient evidence to support a conviction. But if we had a jury verdict on appellate review and the government came in and said, you should affirm because there was probable cause to believe the person committed the offense, that wouldn't carry the day, would it? It would not, Your Honor. But I think the appellate is attempting to- So why do you equate probable cause with sufficient to sustain a conviction? I think because this court's own definition of probable cause is synonymous with sufficient to support a conviction. A reasonable ground of a belief of guilt. And that, to me, is the same as sufficient to support a conviction. When you say this court's case, what are you referring to? Baraboo v. City of Minneapolis, Your Honor. It's 596 F3D 464. It's an Eighth Circuit case from 2010 in which this court used that definition of probable cause. And I think the appellant is attempting to work- If that was a civil case, you mean on whether the arrest was permissible? Yes, Your Honor. And the court was quoting the Supreme Court's decision in Brinegar v. United States in that interpretation of probable cause. And probable cause was defined in Brinegar as sufficient to support a conviction? Is that what you're saying? Reasonable ground of a belief of guilt. Oh, reasonable. Well, that's different than sufficient to support a conviction. I think, Your Honor, that trying to interpret sufficient to support a conviction as the same as beyond a reasonable doubt is a mistake. Because beyond a reasonable doubt is a standard that requires a weighing of evidence. I think it's a little bit of an apples and orange comparison. Sufficient to support a conviction is what the grand jury does, right? It is an unchallenged weighing of the evidence. Beyond a reasonable doubt is intended to be a weighing of the evidence. It's a standard that you could not use in a grand jury because there is no opportunity in most situations for the appellant or the defendant to present evidence. I think sufficient to support a conviction should not be read as synonymous with beyond a reasonable doubt. And I don't think the language beyond a reasonable doubt appears in any of the sources the appellant cites. He's attempting to elevate the language of sufficient to support a conviction to the standard for a pettit jury. And the record doesn't support that interpretation. Nor does the Supreme Court's interpretation of the historical record. And that language, sufficient to support a conviction, does that originate with Chief Justice Taney? I believe that is the first time it appears, Your Honor, yes. And I think he is, again, looking at Blackstone, as the Supreme Court has looked at Blackstone, and I urge the Court to remember, Blackstone's worry was not that somehow sufficient to support a conviction was not being satisfied by a probable cause, or that probable cause was lower than sufficient to support a conviction. Blackstone's concern was that there was going to be something lower than probable cause, that the grand jury would be able to indict based on remote probabilities. And I don't think anything in this Court's jurisprudence would say that probable cause is synonymous with remote probabilities. Was probable cause a term of art at the time of Blackstone's writing? Or are you just... Probable cause is the way that the Supreme Court has interpreted Blackstone, Your Honor. So when you say Blackstone wasn't worried about something higher than probable cause, you're... Extrapolating from the Supreme Court's interpretation. You're not saying he addressed that particular term of art. That's right. He did not. But the Supreme Court has. And found it to mean probable cause. If the Court has no other questions, we would ask that you affirm the judgment of conviction. All right. Very well. We can't give you her full seven minutes. So if you have any brief thought, we've heard you out, I think, on your full 15 minutes. But we'll hear a brief rebuttal. I did have 27 seconds. You may use it. Okay. I will say probable cause and beyond a reasonable doubt, or sufficient evidence to convict are three different things. But sufficient evidence to convict is clearly more than probable cause. Because probable cause just means, and in fact, it's been defined as the lowest burden of proof. The lowest burden of proof. And saying there's sufficient evidence to convict is certainly not referencing the lowest burden of proof. Understood. Thank you for your argument. Thank you to both counsel. The case is submitted and the court will file a decision in due course.